UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES O. SHEPHARD,

    Plaintiff,

v.                                                         CASE NO. 3:24-cv-34-MMH-JBT

PULASKI COUNTY VIRGINIA
DEPARTMENT OF SOCIAL SERVICES,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.[1]

In its prior Order (Doc. 3), the Court took the Motion under advisement and stated that Plaintiff's Complaint (Doc. 1), even liberally construed, was deficient in several respects. In the Complaint, Plaintiff alleges that "on or about 2021," presumably Pulaski County Social Services, "took [Plaintiff's] children from home of mother and failed to contact Father 'plaintiff.'" (Doc. 1 at 4.) Further, presumably the same entity, "[w]illingly and knowingly witheld [sic] father from having Right to

---

[1] A similar Report and Recommendation in an apparently related case brought by Plaintiff is currently pending before Chief Judge Timothy J. Corrigan. *Shephard v. Diamond*, Case No. 3:23-cv-1512-TJC-PDB, Doc. 7 (M.D. Fla. Mar. 7, 2024).

children After a safety issue [illegible] mother created." (*Id*.)  Plaintiff also alleges that the "state/county did unlawfully remove children without consent" and "put plaintiff in [a] position to not have any rights." (*Id*.)  Plaintiff sues five Defendants, requesting $20,000,000 in damages for "mental anguish," amongst other things. (*Id*. at 4.)

The Court in its prior Order observed that, even construed liberally, Plaintiff's Complaint failed to satisfy Federal Rule of Civil Procedure 8(a) as "[t]he Complaint's allegations [were] wholly conclusory and amount[ed] to nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  (Doc. 3 at 3.)  Further, Plaintiff did not allege a valid basis for subject matter jurisdiction as it appeared he was attempting to appeal a state-court child custody judgment to federal court.  (*Id*. at 4.)  The Court observed that this was "likely barred by the *Rooker-Feldman* doctrine."  See *Behr v. Campbell*, 8 F.4th 1206, 1209–10 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)) ("[S]tate court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts 'complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'").  (*Id*. at 4.)  Additionally, federal jurisdiction failed under the domestic-relations exception to federal jurisdiction.  See *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  Further, it appeared that

the Court lacked personal jurisdiction over any Defendant, as they all appeared to reside in Virginia.  (*Id*. at 5.)

Therefore, Plaintiff was ordered to "file an amended complaint in compliance with [the prior] Order" on or before March 1, 2024.  (*Id.*)  Plaintiff's deadline was then extended to March 20, 2024.[2]  (Doc. 5.)  Plaintiff was cautioned that "if [he] fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action without prejudice."  (Doc. 3 at 5; *see also* Doc. 5.)  To date, Plaintiff has not filed an amended complaint.  Accordingly, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief can be granted, failure to prosecute, and lack of subject matter jurisdiction.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice to Plaintiff

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the

---

[2] On February 27, 2024, Plaintiff filed a "Motion on Order" in which he requested a hearing to explain his claim.  (*See* Doc. 4.)  The Court denied this motion and extended the deadline for Plaintiff to file an amended complaint to March 20, 2024.  (Doc. 5.)

3

proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on April 1, 2024.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff